UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK McCARTHY,

    Plaintiff,

vs.                                            Case No. 11-15381

CORBIN R. DAVIS, INGER Z. MEYER,        HON. AVERN COHN
ROBERT M. YOUNG, JR., MICHAEL F.
CAVANAUGH, MARILYN KELLY,
STEPHEN J. MARKMAN, DIANE M.
HATHAWAY, MARY BETH KELLY, BRIAN
K. ZAHRA, and the MICHIGAN
SUPREME COURT,

    Defendants.
_____/

## AMENDED ORDER OF DISMISSAL
## AND
## DIRECTING CLERK TO RETURN THE FILING FEE TO PLAINTIFF

I.

Plaintiff, Patrick McCarthy[1], proceeding pro se, filed a complaint naming "Corbin R. Davis, Inger Z. Meyer, Robert M. Young, Jr., Michael F. Cavanaugh, Marilyn Kelly, Stephen J. Markman, Diane M. Hathaway, Mary Beth Kelly, Brian K. Zahra, and the Michigan Supreme Court" as defendants. For the reasons that follow, the complaint will be dismissed. The Clerk will be directed to return the filing fee to plaintiff.

II.

A court generally may not sua sponte dismiss a case where the filing fee has been paid unless the court gives the party notice and the opportunity to amend the

---

[1] The plaintiff's name in the original should have been Patrick McCarthy not Heidi Shoosa Peterson.

complaint. Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir. 1983). However, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, et al. 183 F.3d 477, 479 (6th Cir. 1999). See Hagans v. Lavine, 415 U.S. 528, 536–37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

When reviewing pro se papers, the court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972). However, under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, –––U.S. –––, –––, 129 S.Ct. 1937, 1949 (2009). "Pro se plaintiffs are not automatically entitled to take every case to trial." Price v. Caruso, 451 F.Supp.2d 889, 893 (E.D. Mich. 2006) (quoting Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996)).

III.

The Court has read the complaint, which runs 49 pages. From what can be gleaned, plaintiff was accused of molesting his daughters. The Oakland County prosecutor filed criminal charges and an action to terminate his parental rights. After his daughters recanted their allegations of abuse, the criminal charges were dismissed.

Plaintiff then filed a suit in state court against the department of human services,

the child protective services workers, a police officer, and a children's case workers. The state court granted summary disposition to defendants on the grounds of governmental immunity. The Michigan Court of Appeals affirmed. Plaintiff sought leave in the Michigan Supreme Court, which was denied. After the Michigan Supreme Court entered a dismissal order, plaintiff attempted to file a motion to recuse Justice Corrigan, who had recently been named the new director of the Michigan Department of Human Services, a defendant in his case.

While plaintiff makes host of constitutional claims, plaintiff says that defendants Davis and Meyer, clerks of the Michigan Supreme Court, refused to accept his motion and they, along with the Michigan Supreme Court, are liable. As to the remaining defendants, all justices of the Michigan Supreme Court, he says that they should have forced Justice Corrigan to recuse herself. He seeks $10,000,000 in damages and injunctive relief.

IV.

To the extent plaintiff is challenging actions taking place in state court, this case is barred by the Rooker-Feldman doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This is true even in the face of allegations that "the state court's action was unconstitutional." Feldman, 460 U.S. at 486; see also Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir.1996). Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476. To the extent plaintiff is

3

seeking federal court review of what occurred in the state courts, the Rooker-Feldman doctrine precludes the exercise of federal jurisdiction. Thus, the complaint is subject to dismissal on this ground.

Even if this case was not barred by the Rooker-Feldman doctrine, plaintiff could not maintain the suit against any of the defendants because they are entitled to immunity or are otherwise barred. As to Davis and Meyer, they are entitled to quasi-judicial immunity as they were performing their quasi-judicial duties. Quasi-judicial functions are tasks so integral or intertwined with the judicial process that the person performing the tasks are considered an arm of the judicial officer who is immune. Bush v. Ranch, 38 F.3d 842, 847 (6th Cir. 1994). Therefore, a person who acts as the judge's designee, and who carries out a function for which the judge is immune, is likewise protected. Id. (holding that court employee who executes court order is entitled to judicial immunity); Alkire v. Irving, 305 F.3d 456, 469-70 (6th Cir.2002) (finding clerks entitled to judicial immunity for issuing bench warrant at judge's direction); Riser v. Schnieder, 37 F. App'x 763, 764 (6th Cir.2002) (finding that clerk court was entitled to quasi-judicial immunity whether or not the clerk committed any errors in handling the plaintiff's case); In re Castillo, 297 F.3d 940, 952 (9th Cir. 2002) (finding absolute quasi-judicial immunity extended to court clerks "for purely administrative acts-acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function."); Herd v. Hampton, 15 F.3d 416, WL 44865, *1 (10th Cir. 1994) (where court clerk allegedly refused to file any of Plaintiff's petitions, finding clerk entitled to quasi-judicial immunity for "simply doing her job pursuant to the mandate of certain rules and procedures established by the

Oklahoma appellate courts"). Here, Davis and Meyer were merely acting at the direction of the Michigan Supreme Court and therefore are entitled to immunity.

As to the defendants who are justices of the Michigan Supreme Court, they are entitled to absolute immunity from suits for money damages for all actions taken in the judge's judicial capacity. Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). This immunity extends to actions arising under § 1983. See Pierson v. Ray, 386 U.S. 547, 554-55, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Because plaintiff's complaint clearly concerns judicial actions, these defendants are entitled to immunity.

Finally, plaintiff's claims against the Michigan Supreme Court are barred by the Eleventh Amendment. See Brandon v. Holt, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985); Abick v. State of Michigan, 803 F.2d 874, 876 (6th Cir.1986).

V.

Overall, even under a liberal pleading standard, the complaint fails to articulate a viable claim against any of the defendants. Accordingly, the complaint is DISMISSED.

The Clerk shall RETURN the filing fee to plaintiff.

SO ORDERED.


Dated: December 27, 2011      S/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Patrick McCarthy, P.O. Box 574, Milford, MI 48381 on this date, December 27, 2011, by electronic and/or ordinary mail.
                              S/Julie Owens
                              Case Manager, (313) 234-5160

5