UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK McCARTHY,

    Plaintiff,

vs.                                                                           Case No. 11-15381

CORBIN R. DAVIS, INGER Z. MEYER,                    HON. AVERN COHN
ROBERT M. YOUNG, JR., MICHAEL F.
CAVANAUGH, MARILYN KELLY,
STEPHEN J. MARKMAN, DIANE M.
HATHAWAY, MARY BETH KELLY, BRIAN
K. ZAHRA, and the MICHIGAN
SUPREME COURT,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION AND TO DISQUALIFY (Doc. 13)

I.

Plaintiff, Patrick McCarthy, proceeding pro se, filed a complaint naming "Corbin R. Davis, Inger Z. Meyer, Robert M. Young, Jr., Michael F. Cavanaugh, Marilyn Kelly, Stephen J. Markman, Diane M. Hathaway, Mary Beth Kelly, Brian K. Zahra, and the Michigan Supreme Court" as defendants. The Court dismissed the complaint for failure to state a viable claim and directed the Clerk to return the filing fee to plaintiff. Doc. 2.

Before the Court is plaintiff's motion for reconsideration and to disqualify the undersigned. For the reasons that follow, the motion is DENIED.

II.

E.D. Mich LR 7.1(h) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

Plaintiff fails to satisfy the standard for a motion for reconsideration. As explained in the dismissal order, to the extent plaintiff is challenging actions taking place in state court, this case is barred by the Rooker-Feldman doctrine. Additionally, even if he was not challenging events in state court, all of the defendants are entitled to immunity. Plaintiff's motion fails to convince the Court that it erred in dismissing the complaint.

As to plaintiff's motion to disqualify, plaintiff essentially says that the undersigned should be disqualified because he believes the Court erred in dismissing his case and is otherwise biased against him.[1]  Plaintiff has not established that disqualification is required or that the Court's impartiality might reasonably be questioned. See 28 U.S.C. § 455(a); Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir. 1990).

SO ORDERED.

Dated: January 4, 2012         S/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff says that the Court is biased in part because the order of dismissal referred to events in state court which were not mentioned in the complaint, implying some ex parte communication or conspiracy with the defendants. While the Court described events which eventually led to the filing of this, and several other lawsuits by plaintiff, these events are detailed in at least one state court decision in a case filed by plaintiff, which is publically accessible. McCarthy v. Sosnick, 2011 WL 4424344 (Mich. App. Sept. 22, 2011). Moreover, plaintiff does not dispute the accuracy of these events. Thus, the fact that the Court mentioned them is not evidence of bias.

**11-15381 McCarthy v. Davis, et al**
**Order Denying Motion for Reconsideration and to Disqualify**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Patrick McCarthy, P.O. Box 574, Milford, MI 48381 on this date, January 4, 2012, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160